| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL XI | | |
| SOLIMAR HOME OWNERS ASSOCIATION, INC.<br><br>Recurrida<br><br>v.<br><br>JOSÉ ERNESTO ROSA DIANA, su esposa JENNY GONZÁLEZ RIVERA y la Sociedad Legal de Gananciales compuesta por ambos; LANIE VANESSA ROSA GONZÁLEZ<br><br>Peticionarios | KLCE202301303 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Civil Núm.: FA2023CV00780 (302)<br><br>Sobre: Daños y otros |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de diciembre de 2023.

Comparece ante nos la señora Jenny González Rivera ("Sra. González Rivera" o "Peticionaria"), mediante *Petición de Certiorari* presentada el 22 de noviembre de 2023. Nos solicita que revoquemos una *Orden* emitida y notificada el 9 de noviembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Fajardo ("foro primario" o "foro *a quo*"). Mediante esta, el foro *a quo* declaró *Sin Lugar* la solicitud de desestimación presentada por la Peticionaria.

Por los fundamentos expuestos a continuación, **denegamos** la expedición del auto de *certiorari.*

### I.

El presente caso tiene su origen cuando el 14 de septiembre de 2023, Solimar Homeowners Association, Inc. ("Solimar Homeowners" o "Recurrida") incoó una *Demanda* sobre interdicto preliminar y permanente, servidumbres en equidad y daños y perjuicios contra la Peticionaria, su esposo, el señor José Ernesto

Número Identificador

SEN(RES)2023_____

Rosa Diana, y su hija, la señora Lanie Vanessa Rosa González ("Sra. Rosa González").[1] Mediante esta, alegó que en el año 2020 la Sra. Rosa González se mudó a la residencia de sus padres que ubica en la Urbanización Solimar, la cual está sujeta a condiciones restrictivas mediante la *Escritura de Declaración de Derechos, Restricciones, Condiciones y Constitución de Convenios Restrictivos y Establecimiento de Disposiciones para Solimar Homeowners Association Incorporated*[2] ("Escritura de Servidumbres"). Señaló que desde que la Sra. Rosa González se mudó a la comunidad, ha iniciado un patrón de intimidación, amenazas, faltas de respeto, agresiones y hostilidad, lesionando la seguridad y tranquilidad de los demás residentes y contratistas que prestan servicios en la urbanización. Sostuvo, que la conducta de la hija de la Peticionaria ha dado lugar a que varios residentes insten múltiples órdenes de protección en su contra, lo cual ha afectado y amenazado la sana y pacífica convivencia en la urbanización.

Arguyó, además, que la conducta desplegada por la Sra. Rosa González es contraria a las condiciones restrictivas y/o servidumbres de equidad a la que está sujeta la Urbanización Solimar. Por lo cual, solicitaron el cese y desista de las actuaciones de la Sra. Rosa González. A su vez, solicitaron la imposición de honorarios de abogado por temeridad.

Así las cosas, el 19 de octubre de 2023, la Peticionaria presentó *Moción de Desestimación.*[3] Mediante esta, sostuvo que la reclamación instada no justifica la concesión de un remedio en su contra. En primer lugar, alegó que las alegaciones contenidas en la demanda no incluyen ninguna actuación que conlleve responsabilidad civil en su contra. Segundo, arguyó que ninguno de

---

[1] Apéndice *certiorari*, págs. 1-154.
[2] Escritura Número 12 del 15 de junio de 1987, otorgada ante el notario Silvestre M. Miranda.
[3] *Íd*, págs. 155-163.

los remedios solicitados en la demanda afecta sus derechos y solo se le incluyó en el pleito por ser la titular registral de la propiedad. Añadió que, la Sra. Rosa González reside exclusivamente en la propiedad desde el 2020 y que sus actos solo son imputables a esta. Argumentó que existen otros remedios en ley que impiden la procedencia del remedio interdictal solicitado. Finalmente, señaló que las condiciones restrictivas impuesta en la Escritura de Servidumbres no regulan las relaciones interpersonales de los vecinos. En vista de lo anterior, solicitó que se desestimara con perjuicio la demanda en su contra.

En respuesta, el 27 de octubre de 2023, Solimar Homeowners presentó un escrito intitulado *Oposición a "Moción de Desestimación" de la Co-Demandada Jenny González Rivera*.[4] En este, señaló que no procedía la desestimación de la demanda a favor de la Peticionaria, toda vez que esta era titular junto a su esposo de la propiedad donde reside su hija. Esgrimió que si se desestima la causa de acción en su contra faltaría una parte indispensable para dilucidar el pleito. Sostuvo que el remedio interdictal es el único disponible para resolver la controversia, puesto que las otras causas de acción instadas para remediar la conducta de la Sra. Rosa González han fracasado. Finalmente, indicó que la Peticionaria, como dueña de la propiedad, tiene la obligación contractual de velar por el cumplimiento de las condiciones restrictivas a la que está sujeta la residencia, según fueron establecidas en la Escritura de Servidumbre.

Evaluados los planteamientos de ambas partes, el 9 de noviembre de 2023,[5] el foro *a quo* emitió y notificó la *Orden* recurrida

---

[4] *Íd*, págs. 164-185.
[5] Adviértase que el mismo día el foro primario emitió otra *Orden* en la que autorizó que se expidieran los emplazamientos para el codemandado José Ernesto Rosa Diana, según fue solicitado por la parte Recurrida. Véase Apéndice Recurrido, Anejo I.

en la que declaró *No Ha Lugar* la solicitud de desestimación instada

por la Peticionaria.

Inconforme, el 22 de noviembre de 2023, la Peticionaria

acudió ante esta Curia y le imputó al foro primario la comisión de

los siguientes errores:

> Erró el foro de instancia al no desestimar la demanda en contra de la Sra. Jenny González Rivera "por sí" y en su carácter individual cuando no existen alegaciones en su contra, no se justifica remedio alguno en su contra, ni sus derechos se afectarían de forma alguna con las alegaciones y remedios incluidos en la demanda.

> Erró el foro de instancia al no desestimar la demanda y de esa manera sostener la solicitud del remedio extraordinario de un *injunction* cuando (a) existen otras alternativas y remedios y (b) cuando las condiciones restrictivas no contemplan la conducta que se alega en la demanda violan las mismas.

El 30 de noviembre de 2023, esta Curia emitió *Resolución* en

la que le concedimos un término de diez (10) días a la parte

Recurrida para que mostrara causa por la cual no se debía expedir

el auto de *certiorari* y revocar la determinación recurrida. El mismo

día, Solimar Homeowners presentó escrito intitulado *Solicitud de*

*Desestimación Bajo la Regla 83 y Oposición a la Expedición del Auto*

*de Certiorari.*

Con el beneficio de la comparecencia de ambas partes,

procedemos a exponer la normativa jurídica aplicable al caso ante

nuestra consideración.

## II.
### A. Certiorari

"[U]na resolución u orden interlocutoria, distinto a una

sentencia, es revisable mediante *certiorari* ante el Tribunal de

Apelaciones". *JMG Investment v. ELA et al.,* 203 DPR 708, 718

(2019). "El recurso de *certiorari* es un vehículo procesal discrecional

que permite a un tribunal de mayor jerarquía revisar las

determinaciones de un foro inferior". *800 Ponce de León v. AIG,* 205

DPR 163, 174 (2020). Véase, además, *Torres González v. Zaragoza*

*Meléndez,* 211 DPR ___ (2023); 2023 TSPR 46, resuelto el 12 de abril de 2023.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.,* 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. Estos criterios son:

(A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)   Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra,* págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### B. Regla 10.2 de Procedimiento Civil

La Regla 10.2 de Procedimiento Civil*, supra,* permite a la parte demandada solicitar al tribunal que desestime la demanda antes de contestarla "cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará". *Conde Cruz v. Resto Rodríguez*, 205 DPR 1043 (2020) citando a *Sánchez v. Aut. de los Puertos*, 153 DPR 559, 569 (2001). Esa solicitud deberá hacerse mediante una moción y basarse en uno de los fundamentos siguientes: (1) falta de jurisdicción sobre la materia, (2) falta de jurisdicción sobre la persona, (3) insuficiencia del emplazamiento, (4) insuficiencia en su diligenciamiento, (5) dejar de exponer una reclamación que justifique la concesión de un remedio, o (6) dejar de acumular una parte indispensable. La notificación de esta moción interrumpe el término para presentar la alegación responsiva. *Íd.*

Para disponer adecuadamente de una moción de desestimación conforme a la precitada regla, el tribunal tiene la obligación de dar por ciertas y buenas todas las alegaciones fácticas de la demanda que hayan sido aseveradas de manera clara. *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 821 (2013). A su vez, las alegaciones

hechas en la demanda hay que interpretarlas conjuntamente, liberalmente y de la manera más favorable posible para la parte demandante. *Rivera Sanfeliz et al. v. Jta. Dir. First Bank*, 193 DPR 38, 49 (2015). Habrá de considerarse, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Colón v. Lotería*, 167 DPR 625, 649 (2006). También es importante tener presente que el propósito de las alegaciones es bosquejar "a grandes rasgos cuáles son las reclamaciones [contra la parte demandada para que] ésta pueda comparecer [a defenderse] si así lo desea". *Torres, Torres v. Torres et al*, 179 DPR 481, 501 (2010).

**III.**

Expuesto el marco jurídico y ponderados los argumentos presentados por ambas partes, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa tan temprana de los procedimientos. Aun cuando la Regla 52.1 de Procedimiento Civil, *supra,* nos faculta para atender asuntos relacionados a la denegatoria de una moción de carácter dispositivo como lo es la solicitud de desestimación, al amparo de los criterios que guían nuestra discreción no intervendremos en la determinación recurrida. En ausencia de abuso de discreción, este foro no debe intervenir con las determinaciones del foro primario. La parte Peticionaria no ha demostrado que el foro de instancia se excedió en el ejercicio de su discreción, ni que erró en la interpretación del derecho. Tampoco constató que el abstenernos de interferir en la determinación recurrida constituiría un fracaso irremediable de la justicia en esta etapa de los procesos. Por tanto, procede que se deniegue el recurso de *certiorari* de epígrafe.

**IV.**

Por los fundamentos expuestos, **denegamos** la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones